UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIAL A. MUHAMMAD, | No. 2:14-cv-0213-TLN-KJN PS |
| Plaintiff, | |
| v. | ORDER AND |
| SAMS CLUB, | FINDINGS AND RECOMMENDATIONS |
| Defendant. | |

INTRODUCTION

Presently pending before the court is a motion for summary judgment filed by defendant Sam's West, Inc. (erroneously sued as Sams Club, as subsidiary of Wal-Mart Stores, Inc.). (ECF No. 21.)[1] Plaintiff Danial A. Muhammad filed opposition briefs to defendant's motion, and defendant filed a reply brief. (ECF Nos. 24, 25, 26.)[2] After carefully considering the parties' written briefing, the court's record, and the applicable law, the court recommends that defendant's motion for summary judgment be GRANTED.

////

---

[1] This action proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

[2] The motion was submitted without oral argument upon the record and written briefing filed by the parties.

1

BACKGROUND

Plaintiff was employed as a membership associate of defendant from October 2, 2010, until October 10, 2011.  (Complaint, ECF No. 1 ["Compl."] ¶¶ 5, 7; Charge of Discrimination, ECF No. 21-1 at 4-5 ["Charge"].)  According to plaintiff, he is "an Asian from the Fiji Islands," and "[h]is religion is Muslim."  (Compl. ¶ 5; see also Charge.)  Plaintiff claims that defendant discriminated and retaliated against plaintiff throughout his employment based on plaintiff's race, color, national origin, religion, and for filing a complaint against his supervisor concerning such matters, thus creating a hostile work environment for plaintiff.  (Compl. ¶¶ 5, 10, 12, 15; Charge.)

Specifically, plaintiff asserts that he was forced to "purchase business attire to wear on the job, although there were no employee regulations requiring the purchase of special attire for [plaintiff's] position"; he was denied the opportunity to apply for a supervisor position, and a "Caucasian, non-Muslim, non-Pacific Islander female employee" was then hired for that position; he was given a written warning for an "unbalanced cash register"; he was prevented from reviewing a video recording of an incident where plaintiff was accused of "accepting a returned generator with the gasoline tank 1/8 full," even though a "Black, non-Muslim, non-Pacific Islander" employee was permitted to see a video tape concerning an alleged cash register incident involving that employee; and he was accused of "making inappropriate remarks to a homosexual coworker," although the coworker allegedly told defendant that plaintiff had said nothing inappropriate.  (Compl. ¶ 5; see also Charge.)  Plaintiff was ultimately discharged on October 10, 2011, for violation of a "coaching policy."  (Compl. ¶ 5; Charge.)[3]

Subsequently, plaintiff filed an administrative charge of discrimination based on race, religion, national origin, and retaliation with the California Department of Fair Employment and

---

[3] In his complaint, plaintiff alleges that he was discharged on October 10, *2010*.  (Compl. ¶ 7.)  However, other portions of the complaint contain allegations of discriminatory conduct in 2011 (Compl. ¶ 5), and the administrative charge of discrimination filed by plaintiff indicates that he was discharged in October 2011 and that the latest act of discrimination took place on October 10, 2011 (see Charge).  Thus, the court concludes that the October 10, 2010 reference is likely an inadvertent clerical error, and that plaintiff was actually discharged on October 10, *2011*.

Housing ("DFEH").  (Compl. ¶¶ 6, 16; see also Charge.)[4]  The charge was signed by plaintiff on April 4, 2013, and received by the agency on April 9, 2013.  (Charge.)  On May 6, 2013, the DFEH issued a notice indicating that plaintiff's charge would be handled by the United States Equal Employment Opportunity Commission ("EEOC"), and that DFEH was closing its case on the basis of "processing waived to another agency."  (See May 6, 2013 DFEH Notice to Complainant and Respondent, ECF Nos. 24 at 5 & 25 at 5 ["DFEH Notice"].)  The DFEH notice also informed plaintiff of his right to sue defendant under California's Fair Employment and Housing Act ("FEHA").  (Id.)  Thereafter, on October 24, 2013, the EEOC sent plaintiff a "Dismissal and Notice of Rights," indicating that:

> The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

(October 24, 2013 Dismissal and Notice of Rights, ECF No. 1 at 9 ["EEOC Notice"]; see also Compl. ¶ 8.)  The EEOC notice further notified plaintiff of his right to sue defendant under Title VII of the Civil Rights Act of 1964, as amended ("Title VII").  (EEOC Notice.)

Subsequently, on January 23, 2014, plaintiff commenced this action in federal district court.  (ECF No. 1.)  Liberally construed, plaintiff asserts claims under Title VII and the FEHA for employment discrimination and retaliation based on race, color, national origin, and religion. The instant motion for summary judgment followed.

---

[4] The court takes judicial notice of plaintiff's administrative charge of discrimination submitted along with defendant's motion, given that the charge is a public record and that its existence "is not subject to reasonable dispute because it…can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); see also Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (courts may take judicial notice of court filings and other matters of public record).  Indeed, plaintiff has not disputed the authenticity or accuracy of the charge of discrimination, and references the charge in his complaint.  For these same reasons, the court also takes judicial notice of the May 6, 2013 DFEH notice submitted by plaintiff along with his opposition briefs, and the October 24, 2013 EEOC notice attached to plaintiff's complaint.  However, such judicial notice is limited to the existence of the documents, their dates of filing/issuance, and the fact that certain allegations or statements were made in the documents.  The court does not assume the truth of the allegations or statements made in those documents.

3

DISCUSSION

    Legal Standard for Summary Judgment Motions

Federal Rule of Civil Procedure 56(a) provides that "[a] party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought." It further provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[5] A shifting burden of proof governs motions for summary judgment under Rule 56. Nursing Home Pension Fund, Local 144 v. Oracle Corp. (In re Oracle Corp. Sec. Litig.), 627 F.3d 376, 387 (9th Cir. 2010). Under summary judgment practice, the moving party:

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting then-numbered Fed. R. Civ. P. 56(c)). "Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." In re Oracle Corp. Sec. Litig., 627 F.3d at 387 (citing Celotex Corp., 477 U.S. at 325); see also Fed. R. Civ. P. 56 advisory committee's notes to 2010 amendments (recognizing that "a party who does not have the trial burden of production may rely on a showing that a party who does have the trial burden cannot produce admissible evidence to carry its burden as to the fact").

If the moving party meets its initial responsibility, the opposing party must establish that a genuine dispute as to any material fact actually exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-86 (1986). To overcome summary judgment, the opposing party must demonstrate the existence of a factual dispute that is both material, i.e., it affects the outcome of the claim under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S.

---

[5] Federal Rule of Civil Procedure 56 was revised and rearranged effective December 10, 2010. However, as stated in the Advisory Committee Notes to the 2010 Amendments to Rule 56, "[t]he standard for granting summary judgment remains unchanged."

242, 248 (1986); Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc., 618 F.3d 1025, 1031 (9th Cir. 2010), and genuine, i.e., "'the evidence is such that a reasonable jury could return a verdict for the nonmoving party,'" FreecycleSunnyvale v. Freecycle Network, 626 F.3d 509, 514 (9th Cir. 2010) (quoting Anderson, 477 U.S. at 248). A party opposing summary judgment must support the assertion that a genuine dispute of material fact exists by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."[6] Fed. R. Civ. P. 56(c)(1)(A)-(B). However, the opposing party "must show more than the mere existence of a scintilla of evidence." In re Oracle Corp. Sec. Litig., 627 F.3d at 387 (citing Anderson, 477 U.S. at 252).

Generally, in resolving a motion for summary judgment, the evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. Moreover, all reasonable inferences that may be drawn from the facts placed before the court must be viewed in a light most favorable to the opposing party. See Matsushita, 475 U.S. at 587; Walls v. Cent. Contra Costa Transit Auth., 653 F.3d 963, 966 (9th Cir. 2011). However, a "non-movant's bald assertions or a mere scintilla of evidence in his favor are both insufficient to withstand summary judgment." Fed. Trade Comm'n v. Stefanchik, 559 F.3d 924, 929 (9th Cir. 2009). To demonstrate a genuine factual dispute, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts...Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 586-87 (citation omitted).

Analysis

Defendant first contends that plaintiff's Title VII and FEHA claims are barred, because plaintiff did not file his administrative charge of discrimination within the statutory time periods

---

[6] "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

and thus failed to timely exhaust his administrative remedies. That argument has merit.

Title VII prohibits an employer from "fail[ing] or refus[ing] to hire or [] discharg[ing] any individual, or otherwise [] discriminat[ing] against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). In turn, the FEHA prohibits an employer from refusing to hire or discharging a person, or discriminating against a person in compensation, terms, conditions, or privileges of employment, based on, among other grounds, race, religious creed, color, and national origin. Cal. Gov't Code § 12940(a).

A plaintiff must exhaust his or her administrative remedies before filing a Title VII or FEHA claim in court. Rodriguez v. Airborne Express, 265 F.3d 890, 896 (9th Cir. 2001). "Title VII requires aggrieved persons to file a complaint with the EEOC 'within one hundred and eighty days after the alleged unlawful employment practice occurred.'" Delaware State College v. Ricks, 449 U.S. 250, 256 (1980) (citing 42 U.S.C. § 2000e-5(e)). Under certain circumstances, such as when a charge is initially filed with an appropriate state agency, the period to file with the EEOC may be extended up to 300 days. Id. at n.7. The FEHA requires a claimant to file a charge with the DFEH within one year of the alleged unlawful conduct. Cal. Gov't Code § 12960(d); see also Rodriguez, 265 F.3d at 896.

In this case, it is undisputed that plaintiff was discharged from his employment with defendant on October 10, 2011, which was also the date on which the last act of alleged employment discrimination took place. (See Compl. ¶ 5; Charge.) Furthermore, it is undisputed that plaintiff subsequently filed his administrative charge of discrimination on April 9, 2013. (See Compl. ¶ 6; Charge.) Thus, given that plaintiff filed his administrative charge more than 500 days after the last act of alleged discrimination took place, it is clear that plaintiff failed to timely exhaust administrative remedies for both his Title VII and FEHA claims.

Even assuming, without deciding, that the statutory time limits to file an administrative charge under Title VII and the FEHA are subject to equitable doctrines, such as waiver, estoppel, and tolling, plaintiff has provided no evidence in opposition to defendant's motion for summary judgment suggesting that these doctrines could plausibly save plaintiff's claims. By way of

example, there is no evidence in the record that plaintiff acted diligently, but was misled by representatives of the EEOC or DFEH, or by defendant, as to the applicable filing deadlines; nor is there evidence that plaintiff was somehow unable to discover the basis of his claims prior to the applicable filing deadlines.[7]

In his opposition, plaintiff appears to argue that the EEOC and/or DFEH would not have accepted his administrative charge if it was untimely. However, that argument lacks merit, because the administrative agency's acceptance and/or investigation of an untimely charge is not binding on the court with respect to the question of timeliness. Graves v. University of Michigan, 553 F. Supp. 532, 534 (E.D. Mich. 1982) ("[I]n non-federal employee cases, the EEOC's decision to process an untimely charge is not binding on this court."); Corbin v. Pan American World Airways, Inc., 432 F. Supp. 939, 943-44 (N.D. Cal. 1977) (noting that the EEOC's decision to process a charge is a factor in determining the timeliness of that charge, but that the court makes its own independent *de novo* evaluation); Goldman v. Sears, Roebuck & Co., 607 F.2d 1014, 1017 (1st Cir. 1979) (same); see also Williams v. City of Belvedere, 72 Cal. App. 4th 84, 93 (1999) (rejecting argument that the DFEH's issuance of a right-to-sue letter renders an untimely charge timely). Although it does not appear that the Ninth Circuit Court of Appeals has squarely addressed the issue, it signaled its likely agreement with the above-cited authorities when it ruled on a related issue in Rodriguez as follows:

> We do not, however, accept Rodriguez's view that the mere acceptance of an amendment by DFEH is conclusive that the amendment relates back. In the several federal cases addressing relation back of amended EEOC charges, the agency's acceptance of an amended charge did not end the exhaustion analysis. In each of these cases, the court conducted its own de novo analysis of whether the amendment related back, and gave no apparent weight to the fact that the EEOC had accepted and filed the amendment. We adopt the same approach here.

Rodriguez, 265 F.3d at 898-99 (internal citations omitted).

////

---

[7] To the contrary, the underlying factual allegations outlined in the Charge, as well as in plaintiff's complaint in this action, were plainly known to plaintiff at least as of the time of his discharge on October 10, 2011.

7

Consequently, although the EEOC and/or DFEH in this case elected to accept and process plaintiff's charge, the charge's untimeliness, to which defendant strongly objects, is readily apparent from the undisputed facts before the court.  Indeed, it is not even a close question.  Moreover, the EEOC and DFEH provided no reasoning or analysis concerning the timeliness of plaintiff's charge, and may well simply have overlooked the issue.  Under these circumstances, the court, in conducting a *de novo* analysis, gives little weight to any finding of timeliness by the EEOC and/or DFEH, and instead finds, for the reasons outlined above, that the charge was untimely filed.

In sum, the court concludes that both plaintiff's Title VII and FEHA claims are barred, because plaintiff did not file his administrative charge of discrimination within the statutory time limits, and thus failed to timely exhaust his administrative remedies.  Therefore, defendant is entitled to summary judgment on all plaintiff's claims on that basis.  In light of that conclusion, it is unnecessary to reach and consider the merits of defendant's remaining arguments.

Miscellaneous

On March 10, 2014, plaintiff filed a designation of consent to the jurisdiction of a United States Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c).  (ECF No. 6.)  However, the court's record indicates that defendant has not yet filed a consent/decline form.  Accordingly, the court directs defendant to file a brief statement indicating whether or not it consents to the jurisdiction of the undersigned for all purposes pursuant to 28 U.S.C. § 636(c) within three (3) days of this order.  Importantly, defendant is under no obligation to so consent, and the consent/decline designation merely assists the court in determining how the case should be processed.

CONCLUSION

Accordingly, for the reasons outlined above, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion for summary judgment (ECF No. 21) be granted.

2. Judgment be entered for defendant.

IT IS ALSO HEREBY ORDERED that:

1. Within three (3) days of this order, defendant shall file a brief statement indicating

whether or not it consents to the jurisdiction of the undersigned for all purposes pursuant to 28 U.S.C. § 636(c).

2. All scheduled dates and deadlines in this action are vacated. If necessary, the court will reschedule case deadlines at a later date.

3. All pleading, motion practice, and discovery in this action are stayed pending final resolution of the findings and recommendations. <u>Other than objections to the findings and recommendations or non-frivolous motions seeking emergency relief</u>, the court will not entertain further motions or amended pleadings until the findings and recommendations are resolved.

The above-mentioned findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated: December 15, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE